## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SHAWN DEAN CHAUDHRY,

     Plaintiff,

-vs-

     Case No.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and TRUIST
BANK,

     Defendants.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, SHAWN DEAN CHAUDHRY (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and TRUIST BANK (hereinafter "Truist") (collectively hereinafter "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## **PRELIMINARY STATEMENT**

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

3

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.    Truist is a FDIC insured bank with its principal place of business located at 214 N Tryon Street, Charlotte, North Carolina 28202 that upon information and belief conducts business in the State of Florida.

20.    Truist is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    Truist furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.    Plaintiff has a credit account with Truist, account number ending in x8402, as to a credit card (hereinafter "Truist Account").

23.    In or about October 2023, Plaintiff became aware of unauthorized and fraudulent charges to the Truist account ending in x3543.

24.    The charges were for Avis Rent-A-Car, totaling around $3,800, and were made in North Carolina. Plaintiff was in Florida at the time of the charges.

25.    On or about October 27, 2023, Plaintiff contacted Truist to dispute the fraudulent charges.

26.     Shortly thereafter, Plaintiff received correspondence from Truist which stated the fraudulent charges were removed, the card ending in x3543 was closed, and a new replacement card was issued, card ending in x8402.

27.     On or about October 30, 2023, Truist contacted Plaintiff to advise the fraud investigation was complete and final.

28.     Despite being assured the card ending in x3543 was closed, in or about January 2024, Plaintiff became aware of an unauthorized charge in the amount of $9,801.32 to the card ending in x3543.

29.     Again, a charge for Avis Rent-A-Car appeared for his card ending in x8402, but this time the location of the charge was New Jersey. Plaintiff was not in New Jersey at the time of the charge and has never been to New Jersey.

30.     On or about January 3, 2024, Plaintiff contacted Truist again, now to dispute the new fraudulent charge.

31.     On or about January 5, 2024, Plaintiff received a letter from Truist stating the fraudulent charge was investigated and the charge was removed from his account ending in x8402.

32.     However, when Plaintiff reviewed his account, the fraudulent charge was still appearing. Plaintiff contacted Truist who advised the charge would be removed.

33.    On or about January 14, 2024, Plaintiff observed two more fraudulent charges totaling about $350 were made to his card ending in x8402, again at Avis Rent-A-Car.

34.    During all this, Truist assured Plaintiff his credit score would not be impacted. However, on or about January 18, 2024, Plaintiff received a notice from Credit Karma advising that his credit score had decreased by 90 points due to his credit card going over the limit.

35.    That same day, Plaintiff visited a Truist branch office in Lakeland, Florida and with the branch leader, Renee Wright. Ms. Wright contacted the fraud line and disputed the new fraudulent charges. During that time, Ms. Wright discovered that the credit card ending in x3543 was never actually closed as originally stated and confirmed by Truist.

36.    Truist adjusted the recent fraudulent charges of about $350 from the card ending in x3543 but merely transferred those charges to the Truist Account, ending in x8402.

37.    In an effort to avoid any additional reduction in his credit score, Plaintiff has continued to make the minimum monthly payment on the Truist Account.

38.    On or about January 31, 2024, Plaintiff obtained a copy of his credit report. Upon review, Plaintiff observed the Truist Account was being reported with

the fraudulent balance of $15,542. Such reporting negatively impacted Plaintiff's debt-to-income ratio.

39.    On or January 31, 2024, Plaintiff filed an identity theft report with the Federal Trade Commission (hereinafter "FTC"), report number 168876631, informing them that he believed he was a victim of identity theft due to the fraudulent charges to the Truist Account.

40.    On or about February 1, 2024, Plaintiff submitted a detailed written dispute letter to the CRAs concerning the inaccurate and erroneous balance being reported. Plaintiff explained the Truist Account was reporting an inaccurate balance. Plaintiff included an image of his driver's license to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of documents from Truist regarding the reversal of the charges, and images of his filed Identity Theft Report with the Federal Trade Commission, number 168876631.

41.    On or about February 1, 2024, the same day he submitted his dispute, Experian responded to Plaintiff's written dispute letter by stating the Truist Account was verified as accurate and updated various tradeline information. Experian continued to report the erroneous balance of $15,542.

42.    Despite providing Experian with all the relevant information needed to prove the Truist Account was inaccurate, Experian continued to report the inaccurate account balance.

43.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

44.     Experian never attempted to contact Plaintiff during the alleged investigation.

45.     Upon information and belief, Experian notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

46.     On or about February 7, 2024, Trans Union responded to Plaintiff's written dispute letter by stating the Truist Account was verified as accurate and updated. Trans Union continued to report the erroneous balance of $15,542.

47.     Despite providing Trans Union with all the relevant information needed to prove the Truist Account was inaccurate, Trans Union continued to report the inaccurate account balance.

48.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

49.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

50.     Upon information and belief, Trans Union notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

51.     On or about February 28, 2024, Equifax responded to Plaintiff's dispute by stating the Truist Account was verified and updated to reflect a balance of $10,799. Although the balance was reduced, the balance still included the fraudulent charges.

52.     Despite providing Equifax with all the relevant information needed to prove the Truist Account was inaccurate, Equifax continued to report the inaccurate account balance.

53.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

54.     Equifax never attempted to contact Plaintiff during the alleged investigation.

55.     Upon information and belief, Equifax notified Truist of Plaintiff's dispute. However, Truist failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

56.     On or about March 5, 2024, Plaintiff submitted an additional detailed written dispute letter to the CRAs concerning the inaccurate and erroneous balance that was still being reported to his credit file. Plaintiff explained the Truist Account

10

was reporting an inaccurate balance. Plaintiff included an image of his driver's license to confirm his identity. Plaintiff also included images of the erroneous credit reporting and dispute results, images of documents from Truist regarding the reversal of the charges, images of his American Express credit card billing statements as proof he was in Florida at the time of the fraudulent Avis charges, and images of his filed Identity Theft Report with the Federal Trade Commission, number 168876631.

57.    As of the filing of this Complaint, Plaintiff has not received dispute results from any of the CRAs regarding his second dispute letter.

58.    As of the filing of this Complaint, the CRAs continue to report negative and inaccurate information on Plaintiff's credit report regarding the Truist Account, and therefore, Plaintiff's damages are on-going.

59.    Defendants have never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of the Complaint with Defendants' refusal to conduct a meaningful and thorough investigation into his disputes as it is required by law or otherwise make his credit file accurate.

60.    Due to the actions and/or inactions of Defendants, Plaintiff's credit score has been reduced.

61.    Plaintiff is a business owner, and the actions and/or inactions of Defendants have greatly impacted Plaintiff's ability to grow and expand his business.

62.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.    Loss of time attempting to cure the errors;

iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors; and

iv.    Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

63.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

64.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

65.    Equifax allowed for a Furnisher to report inaccurate information on an account.

66.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

67.    Equifax violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

68.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

69.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

70.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

<u>**COUNT II**</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

71.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

72.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

73.    Equifax allowed for a Furnisher to report inaccurate information on an account.

74.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

75.    Equifax violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

76.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

77.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78.    Plaintiff is entitled to recover costs and attorney's fees Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

79.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

80.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

81.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Truist.

82.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

83.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

84.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

85.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

86.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

87.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information

and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Truist.

88.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

89.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

90.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

91.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

92.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

93.   Experian allowed for a Furnisher to report inaccurate information on an account.

94.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

95.   Experian violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

96.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

97.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

98.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

<u>**COUNT VI**</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

99.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

100.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

101.   Experian allowed for a Furnisher to report inaccurate information on an account.

102.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

103.   Experian violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

104.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

105.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

106.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
## Violation of 15 U.S.C. § 1681i as to
## Defendant, Experian Information Solutions, Inc. (Negligent)

107.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

108.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

109.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Truist.

110.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

111. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

112. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

113. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

114. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

23

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

115.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Truist.

116.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

117.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

118.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award

Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

119.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

120.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

121.   Trans Union allowed for a Furnisher to report inaccurate information on an account.

122.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

123.   Trans Union violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

124.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

125.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

126.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

127.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

128.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

129.   Trans Union allowed for a Furnisher to report inaccurate information on an account.

130.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

131.   Trans Union violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

132.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

134.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Negligent)

135.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

136.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

137.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Truist.

138.    As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

139.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

140.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION

LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

141.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

142.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

143.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Truist.

144.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit

from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

145.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

146.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Truist Bank (Negligent)

147.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

148.   Truist furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

149.   Upon information and belief, after receiving Plaintiff's disputes, Truist violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

150.   Plaintiff provided all the relevant information and documents necessary for Truist to have identified that the account balance was fraudulent and inaccurate.

151.   Truist did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Truist by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

152.   Truist violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

153.   As a result of this conduct, action, and/or inaction of Truist, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

154.   The conduct, action, and/or inaction of Truist was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

155.   Plaintiff is entitled to recover costs and attorney's fees from Truist in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual damages against Defendant, TRUIST BANK; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Truist Bank (Willful)

156.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully stated herein.

157.   Truist furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

158.   Upon information and belief, after receiving Plaintiff's disputes, Truist violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

159.   Plaintiff provided all the relevant information and documents necessary for Truist to have identified that the account balance was fraudulent and inaccurate.

160.   Truist did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Truist by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

161.   Truist violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

162.   As a result of this conduct, action, and/or inaction of Truist, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

163.   The conduct, action, and/or inaction of Truist was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

164.   Plaintiff is entitled to recover costs and attorney's fees from Truist in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRUIST BANK; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SHAWN DEAN CHAUDHRY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRUIST BANK, and TRANS UNION LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 15th day of March 2024.

Respectfully Submitted,

**/s/ Frank H. Kerney, III, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Primary Email:
Frank@TheConsumerLawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.

36

Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*